ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| ECC International Constructors, LLC | ) ASBCA Nos. 59138, 59586 |
| | ) 59643, 60284 |
| | ) |
| Under Contract No. W912ER-10-C-0054 | ) |

APPEARANCES FOR THE APPELLANT:     R. Dale Holmes, Esq.
                                   Amy M. Kirby, Esq.
                                     Cohen Seglias Pallas Greenhall & Furman PC
                                     Philadelphia, PA

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
                                     Engineer Chief Trial Attorney
                                   Sarah L. Hinkle, Esq.
                                   Matthew Tilghman, Esq.
                                     Engineer Trial Attorneys
                                     U.S. Army Engineer District, Middle East
                                     Winchester, VA

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE PARTIES'
CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

The parties cross-move for summary judgment on whether, when a third party controlling a military base interfered with access to a compound that the government contracted appellant to build outside the base, an express contract warranty was breached, entitling appellant to recover for a constructive change to the contract.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTIONS

The following is not in dispute. In 2010, the parties contracted for appellant to construct a compound outside the International Security Assistance Force (ISAF) military base in Afghanistan (app. mot. at 1-2, ¶ 2, at 7, ¶ 28; gov't resp. at 7, ¶ 28). ISAF is not an agency of the United States Government (see app. mot. at 9, ¶ 40; gov't resp. at 8, ¶ 40). The contract provides that "[t]he Compound will be sited...on a dedicated area located outside the perimeter fencing of the existing base" (app. mot. at 2, ¶ 3 (§ 01 10 00.12 10, ¶ 1.2); gov't resp. at 1, ¶ 3). A contract drawing also depicted that the project location would be outside the base security perimeter (see app. mot. at 2, ¶ 4 (Drawing C-1); gov't resp. at 1, ¶ 4). The contract provides that:

The Contractor shall erect a temporary security fence around the construction limits of the project to establish a secure area. Access to this secure area shall be controlled by the Contractor's security forces.... The Contractor shall sequence construction to complete the majority of the work outside the base perimeter fence before cutting the base perimeter fences to install gates, connector road, and communications tie-in as shown and described in this contract.

(App. mot. at 2-3, ¶¶ 5-6 (§ 00800, ¶ W); gov't resp. at 2, ¶¶ 5-6, at 18, ¶ 90, at 27)

The contract also provides that:

Prior to mobilization, the Contractor shall submit the proposed means of providing project security to prevent unauthorized access to equipment, facilities, materials and documents, and to safeguard them against sabotage, damage and theft. The Contractor shall be responsible for physical security of all materials, supplies, and equipment of every description, including property which may be Government-furnished or owned, for all areas occupied jointly by the Contractor and the Government, as well as for all work performed.

(App. mot. at 8, ¶ 33 (§ 01 31 13.12 10, ¶ 1.5); gov't resp. at 8, ¶ 33) Initially, appellant performed its work on the compound outside the base security fence, not subject to base security procedures, and provided the security measures that the contract required, including temporary fencing, necessary to secure the compound; however, in 2012, ISAF (1) completed an expansion of the base security fence that encompassed the contract work site; and (2) exercised its authority to establish, monitor, and enforce all of the strict base security procedures at the contract work site (*see* app. mot. at 8-10, ¶ 35 (¶¶ 1.3.1.7, 1.5, 2.7.1, Drawings C-2 - C-12), ¶¶ 36, 43, 45; gov't resp. at 8-9, ¶¶ 35-36, 43, 45).

## DECISION

Relying upon the contract provisions and drawings referenced above, appellant requests summary judgment that the actions of the ISAF breached an express warranty that (1) the contract work would take place outside the base perimeter; (2) appellant would control security and access to the contract work site; and (3) appellant would control when the contract work site would be "tied-in" to the base and be subject to base security procedures, constituting a constructive change to the contract (app. mot. at 16-20, 30). The government cross-moves for summary judgment that, among other things, "[t]he change to

2

the security posture of the...Compound was not a constructive change to the Contract for which [appellant] is entitled to Compensation," which is a portion of the relief requested under ASBCA No. 59138, and in essence, Count I of appellant's complaint in ASBCA No. 59586 (gov't resp. at 43, ¶ IV). Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,067 at 176,127 (citing FED. R. CIV. P. 56(a)).

A breach of a contract warranty may constitute a constructive change to a contract's terms. *See Johnson & Son Erectors*, ASBCA No. 24564, 81-1 BCA ¶ 15,082 at 74,599; *Mergentime Corp. v. Washington Metropolitan Area Transit Authority*, No. CIV. 89-1055 TFH, 2006 WL 416177, at *89 (D.D.C. Feb. 22, 2006) (unpublished opinion). However, absent fault or negligence or an unqualified warranty on the part of its representatives, the government is not liable for damages resulting from the action of third parties. *Oman-Fischbach International (JV) v. Pirie*, 276 F.3d 1380, 1385 (Fed. Cir. 2002). Unless the parties in unmistakable terms agreed to shift the risk of increased costs due to acts by the ISAF, no liability on the part of the government attaches from such acts. *See id.*

Upon review of the motions and supporting materials, we conclude that the parties did not agree in unmistakable terms that the government would assume the risk of increased costs resulting from acts of the ISAF that affected access to the work site prior to appellant cutting the base perimeter fences. Consequently, when the ISAF encompassed the contract work site within the base security fence, and enforced base security procedures at the contract work site, there was no breach of a contract warranty, and no constructive change to the contract, that might have entitled appellant to recovery. *Cf. Oman-Fischbach*, 276 F.3d at 1384 (rejecting implied warranty claim where contractor did not identify any contractual provision under which the Navy assumed the risk of increased costs resulting from any acts of the Portuguese Armed Forces); *IAP Worldwide Services, Inc.*, ASBCA No. 59397 *et al.*, 17-1 BCA ¶ 36,763 at 179,161 (rejecting appellant's contention that the government warranted its access to the border and breached that commitment when Pakistan closed the border); *Contrack International, Inc.*, ASBCA No. 59917, 16-1 BCA ¶ 36,532 at 177,955 (denying summary judgment on implied warranty theory where appellant did not identify any contract language in which the government expressly warranted that the Afghan National Army would remove vehicles from work site). Appellant relies (app. mot. at 16; app. reply at 14) upon *J.E. McAmis, Inc.*, ASBCA No. 54455 *et al.*, 10-2 BCA ¶ 34,607 at 170,570, where we held that an implied warranty that haul routes were available was breached when a county government imposed limitations upon that availability. However, we found *J.E. McAmis* distinguishable from *Oman-Fischbach*. *McAmis*, 10-2 BCA ¶ 34,607 at 170,570. By contrast, we find no meaningful distinction between this case and *Oman-Fischbach*, *IAP Worldwide*, or *Contrack*. Accordingly, we deny appellant's motion for partial summary judgment, and grant the government's request for partial summary judgment that "[t]he change to the security posture of the...Compound was not a constructive change to the Contract for which [appellant] is entitled to Compensation."

3

## CONCLUSION

Appellant's motion for partial summary judgment is denied; the government's cross-motion for partial summary judgment on the issue of entitlement with regard to ASBCA No. 59138 and Count I of ASBCA No. 59586 is granted to the extent set forth above. An order addressing further proceedings in these appeals will follow.

Dated: January 24, 2019

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59138, 59586, 59643, 60284, Appeals of ECC International Constructors, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4